**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-1422**

───────────────

ARASH SHAHNEGAR AGHDAM,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

───────────────

**No. 03-2256**

───────────────

ARASH SHAHNEGAR AGHDAM,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

───────────────

On Petitions for Review of an Order of the Board of Immigration
Appeals. (A70-310-715)

───────────────

Submitted:  April 30, 2004          Decided:  June 10, 2004

───────────────

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Petitions denied by unpublished per curiam opinion.

---

Parastoo Golesorkhi-Zahedi, Vienna, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Donald E. Keener, Deputy Director, Alison R. Drucker, Office of Immigration Litigation, Civil Division, DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Arash Shahnegar Aghdam petitions this court for review of two decisions of the Board of Immigration Appeals (Board). In No. 03-1422, Aghdam, a native and citizen of Iran, seeks review of a decision of the immigration judge, affirmed without opinion by the Board pursuant to 8 C.F.R. § 1003.1(e)(4) (2003). The decision denied Aghdam's request for cancellation of removal, as well as his application for asylum relief and withholding of removal.

Aghdam first challenges the Board's use of summary affirmance procedures in reviewing his appeal. We have recently upheld a similar challenge where the Board has elected not to issue a separate opinion. See Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 282 (4th Cir. 2004) (upholding the Board's use of the summary affirmance procedure set forth at 8 C.F.R. § 1003.1(a)(7)(2003)). We find that reasoning applicable here, and conclude that this claim lacks merit.

Aghdam challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of such a determination, the alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have

reviewed the evidence of record and conclude that Aghdam fails to show that the evidence compels a contrary result.

Aghdam next disputes the finding of the immigration judge that he failed to qualify for cancellation of removal because he did not establish that his removal would result in "exceptional and extremely unusual hardship" to his mother, a lawful permanent resident of the United States. See 8 U.S.C. § 1229b(b)(1)(D) (2000). Because the immigration judge's hardship determination is discretionary in nature, we lack jurisdiction to consider this claim. See 8 U.S.C. § 1252(a)(2)(B)(i) (2000); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003); Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003).

In No. 03-2256, Aghdam challenges the Board's denial of his motion to reopen and reconsider. This court's review of the denial of such motions is extremely deferential, and the decision will not be reversed absent abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). We conclude that the Board did not abuse its discretion in ruling that Aghdam was ineligible for an adjustment of status, in view of his failure to timely depart. See 8 U.S.C. § 1229c(d) (2000).

Accordingly, we deny the petitions for review in these appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED